# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**WORKFORCE WEST VIRGINIA,**
**Employer Below, Petitioner**

**FILED**

December 11, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 19-0878** (BOR Appeal No. 2054181)
          (Claim No. 2016016854)

**ROBIN R. ALLEN,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Workforce West Virginia, by Counsel Melissa M. Strickler, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Robin R. Allen, by Counsel Patrick K. Maroney, filed a timely response.

The issue on appeal is medical benefits. The claims administrator denied a request for injections, compression stockings, crest pad, Voltaren gel, and Duexis on March 23, 2018. The Workers' Compensation Office of Judges ("Office of Judges") reversed the decision in its April 8, 2019, Order, authorized the requested medications and supplies, and ordered that Ms. Allen be reimbursed for personal expenses paid for such medical benefits. The Order was affirmed by the Board of Review on August 30, 2019.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Allen, an employment program specialist, injured her left ankle when she fell at work on December 15, 2015. Ms. Allen was treated for the compensable injury by Carrie Gosselink, M.D. On April 20, 2016, Ms. Allen was seen for a work-related ankle fracture. An MRI indicated a likely tendon tear. Dr. Gosselink noted that Stanley Tao, M.D., evaluated Ms. Allen and diagnosed tendon instability in the ankle. Dr. Gosselink diagnosed unspecified left ankle/foot strain, peroneal tendinitis, displaced left fibula fracture, and localized swelling. She recommended a repeat MRI and, if fluid was still present, tendon debridement and repair.

1

Paul Bachwitt, M.D., performed an independent medical evaluation on June 28, 2016, in which he found no evidence of preexisting or unrelated left ankle conditions. He opined that Ms. Allen had not reached maximum medical improvement but found that she could return to work since her job is sedentary. Dr. Bachwitt opined that a tendon repair may be helpful. Dr. Bachwitt performed a second independent medical evaluation on February 21, 2017, in which he again recommended tendon repair with plasma injection, which Ms. Allen underwent on August 19, 2016. It was noted that she was in physical therapy, using a compression sleeve, using a brace, and taking Duexis for swelling. Dr. Bachwitt recommended six more weeks of therapy and a sigvari stocking. He opined that she was not at maximum medical improvement.

Ms. Allen returned to Dr. Gosselink on September 5, 2017, for follow up from her tendon repair with platelet rich plasma injection. She assessed ankle/foot strain, acquired toe deformities, and neuralgia/neuritis. Ms. Allen continued to have tendon pain. She was prescribed compression stockings, a crest pad, Voltaren gel, and Duexis. The claims administrator denied a request for injections, compression stockings, crest pad, Voltaren gel, and Duexis on March 23, 2018, based on Dr. Bachwitt's findings.

Treatment notes from WV OrthoNeuro indicate Ms. Allen was given platelet rich plasma injections. She reported 60% improvement. On July 17, 2018, Ms. Allen was doing well. She transitioned from a CAM boot to a regular shoe and no longer had restrictions. On October 25, 2018, Dr. Bachwitt opined in an addendum that Ms. Allen had reached maximum medical improvement. He opined that plasma injections and compression stockings would not significantly improve Ms. Allen's condition.

Ms. Allen testified in a November 19, 2018, deposition that she has experienced swelling, numbness, a limp, difficulty walking down steps, and right toe drooping since her surgery. She stated that the swelling, numbness, and pain were constant. Ms. Allen testified that she would like to have another injection because the last one was very helpful. She stated that she paid for Voltaren gel and Duexis out of pocket because they were not approved.

In its April 8, 2019, Order, the Office of Judges reversed the claims administrator's decision denying a request for injections, compression stockings, crest pad, Voltaren gel, and Duexis; granted authorization of the medications and supplies; and ordered that Ms. Allen be reimbursed for personal expenses paid for such medical benefits. The Office of Judges found that the medical records indicate that the plasma injections improved Ms. Allen's work and surgery related symptoms. She reported significant improvement following the injections and was able to transition to a regular shoe. In her deposition, Ms. Allen stated that the injections improved her pain and that she would like to undergo another round of the treatment. She also testified that she was not provided compression stockings and that she paid for Voltaren gel and Duexis out of pocket. The medications helped her inflammation and pain. The Office of Judges noted that Dr. Bachwitt opined that injections and compression stockings would not significantly improve Ms. Allen's condition. His opinion was found to be rebutted by Ms. Allen's testimony and Dr. Gosselink's treatment notes. Dr. Bachwitt did not address the necessity of a crest pad, Voltaren gel, or further injections. Further, Dr. Bachwitt did not disagree with authorization of the

medication Duexis. The Office of Judges ultimately concluded that Ms. Allen proved by a preponderance of the evidence that the requested medications and supplies should be authorized. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on August 30, 2019.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. A preponderance of the evidence of record indicates the requested medications are reasonably required and medically necessary treatment for the compensable injury. Ms. Allen's treating physician recommended the medications and the reliable evidence of record supports her opinion.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the Board of Review's findings, reasoning and conclusions, there is insufficient support to sustain the decision. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: December 11, 2020**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison